Bueicet, J.
In McWhinney and Ryan v. Swisher, 58 Ohio St., 378, this court held that, “The liability of the sureties of a guardian upon his additional bond given pursuant to section 6285, Revised Statutes, to account for the proceeds of the sale of real estate of his ward, can not be extended beyond the terms of their undertaking, although the guardian commingles such proceeds with money of his Avard derived from other sources for which he fails to account.”
This court also held in that case that “Although the proceeds of the real estate are exceeded by general payments made by the guardian from such commingled fund, his sureties are liable in an action by the ward after majority, for all such proceeds, they being within the amount of the general balance found in the hands of the guardian.”
The matters so determined in Olive Swisher’s case were not attempted to be again litigated in the answers to the petitions of Viola Swisher and Warren 0. Swisher, but were conceded to be settled by that case. *350 The matter as to the proper division and credit of the fund of $3,820.00 realized on the mortgage taken by the sureties on the two bonds, was not brought into the case of Olive Swisher and was not covered by the agreement, but was within the exception, “as to matters of fact upon which issue may be joined therein.” There was therefore no error in sustaining the demurrer to that part of the reply. And there was no error in sustaining the demurrer to the whole reply, because it did -not controvert the controlling facts of the answer.
The most difficult question is, as to the rights of the wards and the sureties on the bonds, as to the $3,820.00 realized on the sale of the land covered by the indemnifying mortgage to both sets of sureties. As the three sureties on the general bond taken when the guardian was appointed are insolvent, the wards claim that they have the right to apply the $3,820.00 on the liability of those three sureties, and it was so applied, leaving the sureties on the bond given on the sale of the land by the guardian, without any benefit from the $3,820.00.
It is well settled that when a creditor receives money from his debtor without any direction as to which debt the money shall be applied upon, the creditor may make the application to his best advantage. Gaston v. Barney, 11 Ohio St., 506. Tuttle v. Northrop, 44 Ohio St., 183.
But the rule applies only when all the debts are owed by the debtor paying the money, and can not apply where the money comes from‘two persons, and both owe one debt, and one owes another debt. In such case the creditor can not apply the whole fund to the payment of the debt owed by the one, because that would be applying the money of two persons to *351 pay the debt of one of them. In short, it would be applying the money of one person to pay the debt of another. In such cases the money must be applied upon the debt.owed by both. But if the money is not owned by the persojns paying the same in their own right, but was obtained for the purpose of indemnifying themselves as sureties, on different debts or liabilities, as in the case at bar, the creditor need not apply the fund to the payment in full of the debt owed by both, but may apportion the fund between the two debts in proportion to the amount of each, especially may this be done when one of the debtors is insolvent. But the creditor can not in such case apply the whole fund to the debt owed by the insolvent debtor, and thereby deprive the solvent one from receiving any benefit from the fund which he was instrumental in securing for the purpose of saving himself from loss on the debt owed by both.
In the case at bar the three wards had no right to apply the whole fund of $3,820.00, realized from the mortgage taken by the two sets of sureties for their indemnity, upon the liability of the three sureties on the general bond, and thereby deprive the two sureties on the special bond from realizing any benefit from the said fund which they were instrumental in securing to indemnify themselves. The most that the wards could do was to divide and apportion the fund between the sureties of the two bonds in proportion to the liability of the sureties to the wards on each bond, and give each set of sureties credit accordingly.
The total liability of the guardian at his death on November 9, 1891, was $6,921.79. The liability for the proceeds of the land sold for $876.75 net, was on the same date, counting interest with annual rests, $1,297.37. Therefore the two sureties on the special *352 bond were then liable to the wards for this sum of $1,297.37, and the three sureties on the general bond were also liable to the wards for that sum, and as to that sum the sureties on both bonds were co-sureties, because they were sureties to secure the payment of the same debt, liability, or obligation. But as to the balance of the liability of the guardian to the wards $5,624.42, the three sureties on the general bond alone were liable, and the two sureties on the special bond were not liable therefor; and as to that sum they were not co-sureties with the three sureties on the general bond.
The sureties on both bonds, by their efforts, obtained the mortgage from the guardian from which the fund of $3,820.00 was realized, for their indemnity, and but for their efforts that fund would also have been lost to the wards. That fund can therefore not be treated as a mere payment made by the guardian, thus reducing his liability to $3,101.79, and leaving the sureties on the two bonds liable ás if that had been the whole of the amount for which the guardian defaulted. True the $3,820.00 was realized out of the property of the guardian, but it was not paid by him to the wards, but was wrung from him by the sureties for their own indemnity, and they are entitled to be rewarded for their diligence by having it so credited as to benefit both sets of sureties, in proportion to the liability of the sureties on each bond, considering the full sum of $6,921.79 as the amount of the defalcation. When the fund of $3,820.00.is so divided and credited, there should be credited upon the liability of the special bond, the sum of $716.00, which taken from the whole liability of that bond $1,297.37, will leave the sum of $581.37, due to the three wards from the two sureties on the special bond, at the death of the guard *353 ian. As the death of the guardian terminated the guardianship, that sum became a debt at that date due from the two sureties, and would bear simple interest without annual rests until paid, and to this date would amount to the sum of $908.70.
As the amount is less than the amount due on the proceeds of the sale of the real estate, and as each ward owned one-third of the real estate, it follows that this sum must be equally divided among the three wards, $302.90 to each. Olive has already been paid in her case, but a judgment will be entered upon the conceded and controlling facts, in favor of Viola Swisher for $302.90, and costs, and a like judgment .in favor of Warren C. Swisher in his case. ■ The court of common pleas erred in rendering judgment upon the petition and answer in favor of the defendants in error, and the circuit court erred in affirming the judgment. Both judgments will therefore be reversed, and judgment rendered as above indicated.
Judgment reversed, and judgment for plaintiff in error.
Minshall, C. J., Williams, Spear, Davis and Shauck, JJ., concurred.